IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MYLES STOKES, #017411,
    Petitioner,

vs.                                                     Case No. 3:10cv284/RV/EMT

WALTER A. McNEIL,
    Respondent.[1]
_____/

## **ORDER**

    Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The filing fee has been paid (Doc. 10).

    Petitioner is a state prisoner incarcerated at the Everglades Correctional Institution serving a life sentence which was imposed in the Escambia County Circuit Court in 1983. Upon review of the court's docket, it is noted that Petitioner previously filed a federal habeas petition in this court. *See* Stokes v. State of Florida Department of Corrections, 3:09cv338/WS/MD, Doc. 1, Petition (N.D. Fla. Aug. 12, 2009). In that petition, Petitioner challenged the same conviction which he now challenges on the ground that at the time of his trial, both the prosecutor and defense counsel were aware of DNA test results indicating that Petitioner could neither be identified as the perpetrator nor eliminated, yet neither the prosecutor nor defense counsel introduced the test results at trial, and the evidence in Petitioner's case was destroyed in 1986. *See id.* Following a Report and Recommendation, this earlier petition was dismissed on June 9, 2010, for lack of jurisdiction,

---

[1] The court notes that Petitioner did not name the proper party as Respondent (Petitioner named Escambia County (*see* Doc. 1 at 1)). Pursuant to 28 U.S.C. § 2242, the appropriate Respondent is the person who has custody over him. Because Petitioner is in the custody of the Florida Department of Corrections (FDOC), Walter A. McNeil, the Secretary of the FDOC, shall be substituted as the sole Respondent in this cause, as the court has already done in the caption of this order.

because Petitioner had previously filed a federal habeas petition in 1986, Case No. PCA 86-04288/WEA/SMN, challenging the same conviction (that petition was denied on the merits on September 10, 1987).  *See id.*, Docs. 18, 19, 20.

In the instant habeas petition, Petitioner again challenges his conviction on the ground that DNA test results were not introduced by the State or defense counsel at trial (Doc. 1 at 4–5). Because Petitioner could have raised this claim in his first federal habeas petition, he shall be required to demonstrate that he has obtained the requisite certification from the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), authorizing him to proceed in this third federal habeas action.

Accordingly, it is **ORDERED**:

1. The clerk shall change the docket to reflect that Walter A. McNeil is the Respondent in this case.

2. Petitioner shall have **THIRTY (30) DAYS** from the date of docketing of this order to submit a sworn affidavit stating whether he has obtained an order from the Eleventh Circuit Court of Appeals authorizing this court to consider his third federal habeas petition and, if not, why the instant petition should not be dismissed as second or successive.

3. Petitioner's failure comply with this order will result in a recommendation that this case be dismissed for failure to comply with an order of the court.

**DONE AND ORDERED** this 21st day of October 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**