IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


MYLES STOKES,
    Petitioner,

vs.                                  Case No.: 3:10cv284/RV/EMT

EDWIN G. BUSS,[1]
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

        Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). The filing fee has been paid. Upon review of the petition and the court's own records, it appeared to the undersigned that the instant petition was subject to dismissal as second or successive. Therefore, the court issued an order directing Petitioner to submit a sworn affidavit stating whether he has obtained an order from the Eleventh Circuit Court of Appeals authorizing this court to consider his habeas petition and, if not, why the instant petition should not be dismissed as second or successive (Doc. 16). Petitioner filed a response essentially indicating he was not aware of the requirement that he seek authorization from the Eleventh Circuit (Doc. 21). The court has not directed service of the petition upon Respondent

        This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the petition should be dismissed as an unauthorized second or successive petition.


I.        BACKGROUND AND PROCEDURAL HISTORY

---

[1] Edwin G. Buss succeeded Walter A. McNeil as Secretary for the Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d)(1).

Following a jury trial in June of 1983, in the Circuit Court in and for Escambia County, Florida, Petitioner was convicted of aggravated assault, kidnaping, robbery, and two counts of sexual battery with force (Doc. 1 at 1–2). He was sentenced to life imprisonment (*id.* at 1). Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA") (*id.* at 2). The First DCA affirmed the conviction and sentence without written opinion (*see id.*). Stokes v. State, 459 So. 2d 1044 (Fla. 1st DCA 1984) (Table).

Petitioner acknowledges that he previously filed a § 2254 petition in this court challenging the validity of his 1983 conviction and sentence (*see* Doc. 21 at 1–2). The records of this court confirm that Petitioner previously filed a federal habeas petition in this court. *See* Stokes v. State of Florida Department of Corrections, 3:09cv338/WS/MD, Doc. 1, Petition (N.D. Fla. Aug. 12, 2009). In that petition, Petitioner challenged the same conviction which he now challenges on the ground that at the time of his trial, both the prosecutor and defense counsel were aware of DNA test results indicating that Petitioner could neither be identified as the perpetrator nor eliminated, yet neither the prosecutor nor defense counsel introduced the test results at trial, and the evidence in Petitioner's case was destroyed in 1986. *See id.* The State filed a motion to dismiss the petition for lack of jurisdiction, because Petitioner had previously filed a federal habeas petition in 1986, Case No. PCA 86-04288/WEA/SMN, challenging the same conviction, and that petition was denied on the merits on September 10, 1987. *See id.*, Doc. 13. The State attached copies of the Report and Recommendation, Order, and Judgment entered in Case No. PCA 86-04288/WEA/SMN. *See id.*, Doc. 13, Exs. C, D, E. Following a Report and Recommendation, the petition in Case No. 3:09cv338/WS/MD was dismissed on June 9, 2010, for lack of jurisdiction, because Petitioner had previously challenged the same conviction in Case No. PCA 86-04288/WEA/SMN. *See id.*, Docs. 18, 19, 20.

In the instant habeas petition, Petitioner again challenges his 1983 conviction and life sentence on the ground that DNA test results were not introduced by the State or defense counsel at trial (Doc. 1 at 4–5).

II.     ANALYSIS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 action filed by Petitioner in 1986, Case No. PCA 86-04288/WEA/SMN. Furthermore, Petitioner's 1986 petition qualified as a first petition for the purpose of determining successor status because the court adjudicated Petitioner's claims on the merits.[2] *See* Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999) (denial of first § 2254 petition on the merits qualifies as first petition for purpose of determining successor status under § 2244(b)). Therefore, the instant petition is second or successive. Additionally, Petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002). For this reason, this case should be dismissed for lack of jurisdiction.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Case No.: 3:10cv284/RV/EMT

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Edwin G. Buss is substituted for Walter A. McNeil as Respondent.

And it is respectfully **RECOMMENDED**:

1. That this habeas action be **DISMISSED** for lack of jurisdiction.
2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 27th day of January 2011.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**